In the Matter of LOUIS I. ISQUITH, an Attorney, Respondent.

First Department, February 5, 1926.

**Attorney and client — disciplinary proceedings — attorney disbarred under Judiciary Law, § 477, following conviction for grand larceny, second degree, and proof thereof under Judiciary Law, § 88, subd. 3.**

An attorney is disbarred under section 477 of the Judiciary Law, following his conviction in the Court of General Sessions of the Peace of the crime of grand larceny in the second degree, on a plea of guilty and proof thereof furnished to the court, as provided by subdivision 3 of section 88 of the Judiciary Law.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

No appearance for the respondent.

CLARKE, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York under the name of Louis I. Itzkowitz in June, 1920, at a term of the Appellate Division, Second Department, and has practiced as such attorney since his admission. After his admission to practice he secured an order of the Supreme Court in the county of Kings authorizing him to change his name to Louis I. Isquith, and on April 24, 1923, filed with the clerk of the Court of Appeals of the State of New York a certified copy of said order.

The respondent was indicted under the name of Louis I. Isquith on the 5th day of May, 1925, charged with the crime of grand larceny in the first degree. By the certificate under the hand and seal of the clerk of the Court of General Sessions of the Peace, it appears that the respondent on July 14, 1925, pleaded guilty to the crime of grand larceny in the second degree. Grand larceny in the second degree is a felony. Having been convicted by confession of such crime and proof thereof having been furnished to this court as provided in subdivision 3 of section 88 of the Judiciary Law, it follows in accordance with the provisions of section 477 of the Judiciary Law, to wit, "Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such," the respondent should be disbarred.

DOWLING, MERRELL, MCAVOY and BURR, JJ., concur.

Respondent disbarred. Settle order on notice.